IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00793-KDB-DCK

| | |
|---|---|
| TINA N. TOMASICCHIO,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK ABSENCE ONE<br>AND<br>RENT TO KILL-TERMINIX,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details her financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses appear to exceed her expected income, and she does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will grant the Motion for the limited purpose of conducting an initial review but dismiss Plaintiff's Complaint without prejudice after conducting that review.

**I.       Plaintiff's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that [s]he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff states

1

she has no income or assets that would otherwise reasonably allow her to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

II.     **Initial Review**

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's Complaint fails even a generous frivolity review as it contains no facts to support her claim that her employer failed to accommodate her. Indeed, the Complaint is comprised of little more than four checked boxes on a preprinted form, indicating that Plaintiff is claiming employment discrimination pursuant to the Americans with Disabilities Act under 42 U.S.C. §§ 12112–12117, because her employer failed to accommodate her disability in July of an unknown year, and that she received a Right to Sue letter on July 15, 2025—which Plaintiff did not attach as permitted. Doc. No. 1 at 3–5.

While Plaintiff is not required to prove her case in her pleadings, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). Here, even liberally construing Plaintiff's Complaint, it does not contain any facts that could constitute a plausible claim for relief. Accordingly, Plaintiff's claim must be dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 15, 2025

Kenneth D. Bell
United States District Judge